UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TOOTIE'S 225, LLC, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:11CV155 SNLJ |
| | ) |
| RUSSELL D. OLIVER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants City of Dexter Police Chief Sammy Stone and the City of Dexter, Missouri's motion to dismiss, or in the alternative, for judgment on the pleadings, #13, relating to plaintiffs' amended complaint. The motion has been fully briefed and is ready for disposition. Defendants had previously filed a similar motion, #6, to plaintiffs' original complaint, which motion has now been superceded by the motion at issue here.

**I. Background**

Plaintiffs are a Missouri limited liability company and its member-owners who operate a retail store, "Tootie's 225," located in Stoddard County, Missouri. Tootie's 225 engaged in the sale of "K2 and other products containing 1-pentyl-3 and/or 1-butly-3 [*sic.*]" until those products were banned by the Missouri state legislature in 2010. Amend. Compl. ¶ 21. Thereafter, plaintiffs replaced those products with allegedly legal "herbal incense" products, with names including "Ripped, Smooth, Chill, Mean Green, BoCoMo Dew," and others. *Id.* ¶ 30. Plaintiffs filed their complaint on August 22, 2011, alleging twenty-four federal civil rights violations and state law property claims against Chief Stone, the City of Dexter, Missouri, Stoddard County, Missouri, the Stoddard County Prosecuting Attorney and Sheriff, and the Superintendent of the

Missouri Highway Patrol, for entering Tootie's 225 and seizing these herbal incense products. On October 20, 2011, plaintiffs amended their complaint, adding allegations relating to some of their claims.

In their amended complaint, plaintiffs John and Tijuana Sifford, the member-owners of Tootie's 225, allege separate, nearly identical claims against Chief Stone (Counts III and XIII) and the City of Dexter ("Dexter") (Counts IV and XIV) pursuant to 42 U.S.C. § 1983.  Plaintiffs claim that Chief Stone committed a "wrongful seizure" of plaintiffs' herbal incense inventory in that he, or Dexter police officers under his direction, conducted a warrantless search for and unlawful seizure of the herbal incense products being sold at Tootie's 225 and that the search and seizure were executed without reasonable suspicion or probable cause.  Plaintiffs also claim that Dexter failed to instruct, supervise, control, and discipline its police officers with regard to the unlawful search and seizure.  In their motion, Chief Stone and the City of Dexter argue that plaintiffs have failed to state a cause of action against them upon which relief can be granted, or alternatively, that they are entitled to judgment on the pleadings because the police officers' entrance into the store was not unlawful, the seizure was accomplished in reliance upon the legal opinion of the county prosecuting attorney, and Chief Stone had probable cause to believe the seized products were contraband under the new Missouri law.

**II. Standards**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting

*Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

Ordinarily, the standard for consideration of a motion for judgment on the pleadings is the same as considered in ruling on a motion to dismiss.  *St. Paul Ramsey Cty. Med.Ctr. v. Pennington Ct.*, 857 F.2d 1185, 1187 (8th Cir.1988).  Federal Rule of Civil Procedure 12(c) requires the court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor." *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir.2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir.2006)).  A motion for judgment on the pleadings under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6).  *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir.2010); *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir.2009) (citing *Twombly*, 550 U.S. at 555).

**III.  Discussion**

Defendants Stone and Dexter argue that plaintiffs' claims against them should be dismissed because the entry of the Dexter police officers into Tootie's 225, as a store open to the public, was not unlawful, that the search and seizure did not require a warrant because the herbal incense products were in plain view, that the seizure was in reliance upon and in furtherance of the county prosecuting attorney's legal opinion, and that they had probable cause to believe the

products were contraband.  Plaintiffs contend that dismissal or judgment on the pleadings is inappropriate here because defendants have relied upon evidence outside the pleadings and that the credibility of the prosecuting attorney's legal conclusions is a genuine issue of material fact, precluding judgment on the pleadings.

Upon review of the amended complaint and defendants' motion, it is clear that the motion relies upon matters outside the pleadings and arguments that involve genuine issues of material facts.  Matters outside the pleadings include "'any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'"  *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir.1992) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366).  In this case, accepting all the allegations in the amended complaint as true, and drawing all reasonable inferences in favor of the plaintiffs, defendants have failed to demonstrate that plaintiffs' complaint includes some insuperable bar to relief as to them.

In their motion, defendants argue facts that are not contained in the pleadings, including the contents of the letter written by the prosecuting attorney, whether the seized herbal incense products were all within plain view, whether Chief Stone reasonably relied upon the legal opinion of the prosecuting attorney or whether he had a "personal agenda" against plaintiffs, as they allege, whether the prosecuting attorney's letter communicated the elements necessary to establish probable cause regarding the seizure, whether policies or customs of the city affected the police officers' actions that day, whether the city had the responsibility to train its police officers in the correct manner of conducting lawful searches and seizures, and if so, whether it failed to do so, and whether the city had failed to correct prior unlawful actions by its officers.

Because plaintiffs' allegations, which are challenged by defendants' motion, involve genuine issues of material fact that must first be addressed prior to considering defendants' legal arguments, the Court must deny defendants' motion. *See, e.g.*, *McCoy v. Schubert*, 2011 WL 6115744, *2 (E.D. Mo. December 8, 2011); *Clayborn v. Steubing*, 2012 WL 1032945, *2-3 (E.D. Mo. March 26, 2012).

### IV. Conclusion

For the foregoing reasons, defendants' motion will be denied. Defendants are free to re-file their motion as one for summary judgment with proper evidentiary support.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss, or in the alternative, for judgment on the pleadings, #13, is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' prior motion to dismiss, or in the alternative, for judgment on the pleadings, #6, filed on October 11, 2011, is **DENIED** as moot.

Dated this  7th  day of May, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE